IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-761 |
| | § | |
| | § | |
| COLEEN DONOVAN, | § | |
| | § | |
| Defendant. | § | |

**THE COMPLAINT OF THE UNITED STATES**

1. The United States of America, on behalf of the United States Army Corps of Engineers ("USACE"), brings this civil action against Coleen Donovan for its cause of action alleged as follows:

**INTRODUCTION**

2. The USACE operates and administers the Lewisville Lake and Dam Project on behalf of the United States.[1]

3. To date, the United States owns approximately 45,944 acres of land and 5,747 acres of flowage easement at Lewisville Lake.[2] The flowage easement gives the United States the perpetual right to occasionally overflow, flood, and submerge land below an elevation of 537 feet, mean sea level ("m.s.l.").[3] The m.s.l. is the sea level hallway between the mean levels of high and low water.

---

[1] Rivers and Harbors Act of 1945, Pub. L. No. 79-14, 59 Stat. 18 (1945).

[2] *United States v. 909.39 acres of land, et al.,* No. CV-772 (E.D. Tex. final judgment Nov. 22 1955). Approximately 29,350 acres of the 45,944 are being inundated with water at the conservation pool level of 522 feet m.s.l. The land subjected to the flowage easement is privately owned land, which the United States has acquired certain perpetual rights, including the right to flood the land, the right to prohibit construction or maintenance of any structure for human habitation, and the right to approve all other structures.

[3] There are 26.37 acres, more or less, lying below 537 feet, m.s.l.

4. As part of the Lewisville Lake and Dam Project, formally the Garza-Little Elm Reservoir, the United States' acquired real property consisting of 200.00 acres of land located in Denton County Texas, known as Tract No. G-624.[4]

5. Defendant acquired real property through several General Warranty Deeds that are encumbered by the United States flowage easement, which prohibits the construction or maintenance of any structure for human habitation below 537 feet, m.s.l. without express written consent of the United States.[5] The USACE has the authority to grant or deny consent and, enforce all rules and regulations that govern the operation and administration of land or waterways owned by the United States.[6] The construction, placement, or the existence of unauthorized structures on government property is prohibited without written consent.[7]

6. Despite being aware of the flowage easement, Defendant placed a tiny house, an electric service line that fails to meet USACE sag height requirements, an unauthorized septic system, and fill (gravel) within the flowage easement on Lot 17, Tax Parcel 22638 and Lot 18, Tax Parcel 66235.

7. Defendant maintains an unauthorized structure (recreational vehicle) on Lot 22, Tax Parcel 66245.

8. On November 16, 2016, Defendant requested the USACE consent to place a habitable structure and fill (dirt and gravel) within the flowage easement. After the USACE explicitly denied Defendants request, she placed a habitable structure and fill within the flowage easement. Upon inspection, the USACE discovered the habitable structure, fill, and other unauthorized structures within the flowage easement. After the USACE made repeated demands for removal,

---

[4] *United States v. 909.39 acres of land, et al.,* No. CV-772 (E.D. Tex. final judgment Nov. 22 1955).

[5] General Warranty Deed recorded October 24, 2012, in the property records of the Denton County Clerk's Office, Texas, Document No. 2012-120833, Lot 19, Tax Parcel 66243; two General Warranty Deeds recorded June 24, 2013 in the property records of the Denton County Clerk's Office, Texas, Document No(s). 2013-77156, Lot 17, Tax Parcel 22638 and 2013-77160, Lot 18, Tax Parcel 66235; and a General Warranty Deed recorded January 6, 2016, in the property records of the Denton County Clerk's Office, Texas, Document No. 2016-1551, Lot 22, Tax Parcel 66245.

[6] 16 U.S.C. §460d (2007).

[7] 36 C.F.R. §327.20 (2019).

Defendant moved the tiny house but the other unauthorized structures, electric service line, unauthorized septic system, and landfill remain within the flowage easement.

9. Defendants encroachment upon and within the flowage easement interferes with the United States' rights in the easement, its duties authorized under the Harbor and Rivers Act, and constitutes a continuing trespass.[8] Accordingly, through this action the United States seeks immediate removal of all habitable structures, other structures and/or appurtenances, and fill from the flowage easement. Furthermore, the United States seeks a permanent injunction enjoining Defendant from placing, erecting, constructing, or maintaining any further encroachments, habitable structures, other structures and/or appurtenances, or placing fill on the flowage easement.

## PARTIES

10. Plaintiff is the United States of America.

11. Defendant, Coleen Donovan, also known as Coleen Kelly Donovan, is a citizen on the United States and the owner of real property near Lewisville Lake in Denton County, Texas. Both Lewisville Lake and Defendant's property are located in the Fort Worth Division of the USACE, in the Eastern District of Texas. Defendant Donovan may be served in person or by mailing a copy of the summons and complaint to her residence at 13845 Vera Cruz Road, Texas 75025.

## JURISDICTION AND VENUE

12. This action arises under Tex. Prop. Code § 22.001.

13. Jurisdiction over this action is conferred upon this Court by 28 U.S.C. §1345.

14. The Court has subject-matter jurisdiction over Defendant under 28 U.S.C. §1345.

---

[8] 36 C.F.R. §331.16 (2019). Federal law prohibits interfering with the USACE. Defendant's refusal to comply the USACE's, lawful order, to remove the unauthorized structures, and fill interferes with its ability to manage Lewisville Lake's flood control, water, and shoreline resources. Defendant's interference impedes the USACE's ability to ensure public safety.

15. Venue is proper in the Eastern District of Texas, Sherman Division, under 28 U.S.C. §1391(b) because Defendant resides in the judicial district the events giving rise to the claim occurred in the and the property subject of the action is situated in the Eastern District of Texas.

## STATEMENT OF THE FACTS

**A. United States' Flowage Easement**

16. On November 22, 1955, the United States acquired fee simple title to Tract No. G-624, which contains approximately 200.00 acres of land located in Denton County, Texas.[9] Tract No. G-624 is part of the Lewisville Lake Project.

17. On January 16, 1961, the United States re-conveyed 30.27 acres of Tract No. G-624 to Claud and Jewell Boyd via a Quit Claim Deed subject to a flowage easement.[10] This flowage easement, known as Tract No. G-648E, covers 26.37 acres of the 30.27 acres that make up Tract No. G-624.[11]

18. The United States' conveyance of Tract No. G-648E is subject to the following:

> (a) There shall be reserved to the Government the perpetual right and easement to occasionally overflow, flood and submerge the herein described lands below and elevation of 537 feet, mean sea level, there being 26.37 acres, more or less, lying below said elevation.
>
> (b) In connection with above reserved easement, no structure for human habitation shall be constructed or maintained on the herein described lands below an elevation of 537, mean sea level.
>
> (c) With respect to said land and in connection with the above reserved rights and easements, the written consent of the representative of the United States in charge shall be obtained for the type and location of any structure and/or appurtenances thereto now existing or to be erected or contracted below an elevation of 537 feet, mean sea level.

---

[9] *United States v. 909.39 acres of land, et al.,* No. CV-772 (E.D. Tex. final judgment Nov. 22 1955). Recorded on November 22, 1955 in the Official Property Records of the Denton County Clerk's Office, Texas in Volume 466 at Page 88. Prior to a United States complaint for condemnation, Claud and Jewell Boyd were the fee simple owners of Tract No. G-624.

[10] Official Property Records of the Denton County Clerk's Office, Texas, in Volume 466 at Page 88.

[11] *Id.*

**B. Encroachment on United States' Flowage Easement**

    19.  On October 24, 2012 and June 18, 2013, Defendant acquired a portion of the 30.27 acres, known as Tract No. G-624, through three General Warranty Deeds.[12]

    20.  Tract No. G-624 is encumbered by the United States' flowage easement, which consists of 26.37 acres, known as Tract No. G-648E.[13]

    21.  Defendant was aware of the United States' flowage easement, to include its restrictions and prohibitions, when she took possession of the property and recorded the General Warranty Deeds.[14]

    22.  On November 16, 2016, Defendant asked the USACE to sign a written consent form authorizing her to place a tiny house within the United States flowage easement.[15]  In an email to the USACE, Defendant asked, "Do you have any objection to an RV being parked on privately owned land that has an elevation below 537 on Lake Lewisville?"[16]  In addition, Defendant sought consent to move existing dirt around and to add gravel and a deck.

    23.  On November 17, 2016, the USACE informed Defendant that an RV is considered a habitable structure and therefore it was not allowed in the flowage easement.  The USACE explicitly denied Defendant's request.

---

[12] General Warranty Deed recorded June 24, 2013, in the property records of the Denton County Clerk's Office, Texas, Document No(s). 2012-120-120833, Denton County Tax Parcel ID 66243. General Warranty Deed recorded June 24, 2013, in the property records of the Denton County Clerk's Office, Texas, Document No(s). 2013-77156 and 2013-77160, Denton County Tax Parcel IDs 66238 and 66235 respectively. Defendant also purchased another portion of the 30.27 acres, known as Tract No. G-624, pursuant to a fourth General Warranty Deed recorded January 6, 2016, in the property records of the Denton County Clerk's Office, Texas, Document No. 2016-1551.  At this time, it does not appear that Defendant has taken similar actions on the property obtained by this fourth deed that would violate the United States' property rights.

[13] Quitclaim Deed by United States recorded in the Official Property Records of the Denton County Clerk's Office, Texas, in Volume 466 at Page 87, and the three General Warranty Deeds referenced in footnotes 9 and 10 above.

[14] General Warranty Deed recorded June 24, 2013, in the property records of the Denton County Clerk's Office, Texas, Document No(s). 2013-77156 and 2013-77160

[15] The Defendant was aware of the existence of the United States' flowage easement as depicted by her mail requesting the USACE sign a consent form to allow her to place a tiny house, gravel, and move dirt around below 537 feet.

[16] *Id*. The RV that Defendant refers to in her email is known as a tiny house.

24. On November 18, 2016, Defendant requested a meeting with the USACE, which was subsequently scheduled for November 30, 2016. On November 29, 2016, Defendant cancelled the meeting with the USACE.

25. On January 10, 2017, the USACE was notified by another Lewisville Lake home owner, Bruce McLane, that Defendant placed a habitable structure within the flowage easement.

26. Upon inspection, the USACE discovered Defendant placed a tiny house, an electrical power pole with attached meter box, with an electrical conduit (that had been bored underground), and an unauthorized septic system on the flowage easement.

27. Despite being advised that the habitable structure was not authorized, Defendant placed the tiny house, the electrical conduit, and an unauthorized septic system within the flowage easement between November 18, 2016 and January 4, 2017.

28. On January 20, 2017, Rob Jordon, Manager of the USACE Lewisville Lake Office, demanded Defendant cease and desist all unauthorized activity on the flowage easement and remove the encroachments. Defendant was instructed to remove the structures from the flowage easement within thirty days.

29. On February 15, 2017, Dan Donovan, Defendant's father, told Nicholas Wilson, USACE Natural Resource Specialist at Lewisville Lake, that neither the tiny house nor the wiring would be removed from the United States' flowage easement.

30. On February 16, 2017, John L. Matheny, USACE Natural Resources Specialist at Lewisville and Ray Lakes, received an email from Defendant stating she would not remove the encroachments.

31. On March 15, 2017, the USACE completed an encroachment report for Tract No. G-648E outlining Defendant's trespass on the flowage easement.

32. On April, 12, 2017, the USACE filed the Notice of Encroachment on Defendant's property located on Lot 17, Tax Parcel 22638 and Lot 18, Tax Parcel 66235 that was filed with the Denton County Clerk on May 18, 2017.[17]

---

[17] The Notice of Encroachment was filed on May 18, 2017, in the Official Public Records of Denton County, Texas, as Document #58338.

33. On or about May 10, 2018, Defendant placed two dump truck loads of fill (gravel/soil mixture) on the flow easement.

34. On May 10, 2018, Nicholas Wilson, USACE Natural Resource Specialist, spoke with a dump truck driver who was in the process of dumping approximately 16 yards of fill (gravel/soil mixture) on the flowage easement. The driver told Nicolas Wilson that Defendant ordered the fill to build up a few lots that were below 537 feet, m.s.l. Nicolas Wilson directed the dump truck company to cease and desist all future unauthorized activity on the lot.[18]

35. On or about June 14, 2018, Defendant asked for the USACE's consent to replace a broken window and patch a leak in the roof of a mobile home. Craig Kislingbury, USACE Realty Specialist at the Lewisville Lake Office, told Defendant that she could make repairs but that she could not make improvements to a habitable structure. Next, Defendant asked if she could improve the road by bringing in dirt and gravel. The USACE told Defendant that she could not bring in dirt or gravel because the road was within the flowage easement.

36. On January 14, 2019, Nicholas Wilson, USACE Natural Resource Specialist, inspected the flowage easement and Defendant's property. The USACE discovered that the tiny house had been removed but the site remained unchanged. The fill (gravel) remained within the flowage easement where the tiny house had been. Defendant dug trenches, had septic lines installed, dumped another load of gravel, and placed roofing shingles within the flowage easement. The USACE did not authorize or consent to any of these activities.

37. During a USACE inspection, on or about May 15, 2019, it was discovered that Defendant placed multiple items on, and made modifications to, the flowage easement. The modifications, which included a mobile home, new waterlines, sewage facilities, a recreational vehicle, and modification to the Lewisville Lakes flood capacity, were made without the consent of the USACE. Defendant was again directed to cease and desist all unauthorized activity on the flowage easement and to resolve the encroachments within thirty days. To date, Defendant has not removed the encroachments.

---

[18] A flowage easement that prohibits construction for human habitation, on land below a designated m.s.l., operates to prohibit use of landfill to raise surface elevation below the designated m.s.l., to a level above that designated, in order to build structures for human habitation. *United States v. Fisher-Otis Co., Inc.,* 496 F.2d 1146 (10th Cir. 1974).

38. This action is sought due to Defendant's continuous refusal to remove habitable structures, unauthorized structures and/or appurtenances, and all fill from the United States' flowage easement on Tract No. G-648E.

## CONCLUSION

39. As demonstrated above, Defendant knowingly and willfully continues to disregard the demands of the USACE to cease and desist placing structures, other structures and/or appurtenances, and fill upon the USACE Lewisville Lake flowage easement. Accordingly, the United States seeks an order directing Defendant to remove the unauthorized habitable structures, other structures, and/or appurtenances, and fill within the flowage easement. Furthermore, the United States seeks a permanent injunction enjoying Defendant from placing, erecting, constructing, or maintaining any further encroachments, habitable structures, other structures, and/or appurtenances, and/or fill within the flowage easement.

## CAUSE OF ACTION

**Trespass to Try Title**
**Tex. Prop. Code §22.001**

40. Plaintiff United States realleges and incorporates by reference the allegations contained in Paragraphs 1 through 39 of this complaint.

41. Through the acts described above, Defendant placed habitable structures and other structures and/or appurtenances, to include fill, below an elevation of 537 feet, m.s.l. on Tract No. G-648E, which is within the boundaries of the United States' flowage easement.

42. The United States owns the flowage easement and is the dominant estate over Defendant's fee simple interest in the property.

43. Defendant did not have written consent from the USACE to place habitable structures, other structures and/or appurtenances, or fill on or within the flowage easement.

44. Defendant entered into and encroached upon the flowage easement and interfered with the United States' property interests by placing and maintaining habitable structures, other structures and/appurtenances, and fill on the flowage easement, which infringes on the express terms and conditions of the flowage easement.

45. The USACE notified Defendant that the placement of habitable structures, other structures and/or appurtenances, and fill on the flowage easement was prohibited.  The USACE directed Defendant to remove said encroachments.

46. Defendant has refused to remove the encroachments from the flowage easement; instead, Defendant intentionally disregards the United States' property rights under the flowage easement.  Defendant's encroachment is on-going, intentional, and physical.

47. Defendant's encroachment infringes the dominate estate of the United States' flowage easement, and hence the flood control operations of the Lewisville Lake and Dam Project.

48. The United States has sustained and will continue to sustain injuries as a result of Defendant's encroachment.

## **RELIEF REQUESTED**

The United States prays for judgment against Coleen Donovan as follows:

a. For an order directing Defendant to immediately remove of all unauthorized habitable structures, other structures and/or appurtenances, and fill from the flowage easement;

b. An order directing Defendant to submit sworn proof of removal of all unauthorized habitable structures, other structures and/or appurtenances, and fill from the flowage easement within thirty days;

c. An order (i) authorizing the USACE to enter Defendant's property, if Defendant fails to provide sworn proof of compliance within 30 days, to inspect the flowage easement; and, if necessary; (ii) allow the USACE to remove all unauthorized habitable structures, other structures, and/or appurtenances, and fill from the flowage easement; (iii) enjoining Defendant from interfering with the removal of all unauthorized habitable structures, other structures and/or appurtenances, and fill on from the flowage easement; and (iv) imposing the costs of the inspection and removal on Defendant;

d. A permanent injunction enjoining Defendant from placing, erecting, constructing, or maintaining any further encroachments, habitable structures, other structures and/or appurtenances, or placing fill on the flowage easement;

e. Judgment holding Defendant liable for the costs of restoring the flowage easement to its original condition prior to her trespass and violation of the express terms and conditions of the flowage easement;

f. For all costs associated with prosecuting this civil action, as provided by law;

g. Judgment interest on all amounts owed to the United States, as provided by law; and

h. For all other relief the Court deems just and proper.

        Respectfully submitted,

        JOSEPH D. BROWN
        United States Attorney


By:   /s/ *Aimee M. Cooper*

        AIMEE M. COOPER
        Assistant United States Attorney
        Lead Attorney
        Texas State Bar No. 24061167
        United States Attorney's Office
        101 East Park Blvd., Suite 500
        Plano, Texas 75074
        Telephone: (972) 943-3597
        Telefax: (972) 509-1209
        aimee.cooper@usdoj.gov


**ATTORNEYS FOR THE
UNITED STATES OF AMERICA**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | ❏ 820 Copyrights | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 830 Patent | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 340 Marine | | | ❏ 840 Trademark | ❏ 460 Deportation |
| | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | | | | ❏ 864 SSID Title XVI | |
| ❏ 196 Franchise | | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 865 RSI (405(g)) | ❏ 890 Other Statutory Actions |
| | ❏ 362 Personal Injury - Medical Malpractice | | | | ❏ 891 Agricultural Acts |
| | | | ❏ 790 Other Labor Litigation | | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - Other | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.