# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § | Civil Action No. 4:19-cv-00761 |
| COLEEN DONOVAN | § § § | Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss for Failure to Join a Required Party (Dkt. #3). Having considered the relevant pleadings, the Court is of the opinion that the Defendant's Motion is **DENIED**.

### BACKGROUND

This is an action by the United States of America, brought on behalf of the United States Army Corps of Engineers, (hereinafter, "the Government") against Defendant Coleen Donovan ("Donovan") (Dkt. #1). The Government purportedly owns 45, 944 acres of land and 5,747 acres of flowage easement at Lewisville Lake. As a result, the Government has acquired certain perpetual rights, which include the right to prohibit construction or maintenance of any structure for human habitation and the right to approve all other structures.

In 2012 and 2013, Donovan acquired a portion of land through several recorded General Warranty Deeds (Dkt. #1 at pp. 2, 5). The land acquired by Donovan is purportedly encumbered by the Government's Easement ("the Easement") (Dkt. #1 at pp. 2, 5). The Easement is part of the Grapevine Dam and Reservoir operated and administered by the United States Army Corps of Engineers ("USACE") (Dkt. #1 at pp. 1–2). The Easement prohibits the construction or maintenance of any structure for human habitation below 537 feet, mean sea level, without

express written consent of the Government (Dkt. #1 at pp. 1–2, 4). Under federal law, USACE has the authority to grant or deny construction of structures and other appurtenances on the Easement (Dkt. #1 at p. 2). *See* 16 U.S.C. § 460d (2020).

The Government alleges Donovan encroached on the Easement despite being aware it existed. (Dkt. #1 at pp. 8–9). On November 17, 2016, USACE denied a request from Donovan to place structures within the Easement (Dkt. #1 at p. 5). According to the Government, Donovan nonetheless modified the Easement with a mobile home, utility services, and a gravel mixture ("the Encroachments") between November 18, 2016 and May 15, 2019, without written consent in violation of 36 C.F.R. § 327.20 (Dkt. #1 at pp. 2–3, 6–7). The utility services included waterlines, sewage facilities, and an electrical power pole, meter box, and underground conduit (Dkt. #1 at p. 6). Donovan employed Coserv Electric and Living Water Corp (collectively, "the Utility Providers") to connect the utility services (Dkt. #4 at p. 24).

On January 20, 2017, the Government demanded Donovan cease and desist all unauthorized activity on the Easement and remove the Encroachments within thirty days (Dkt. #1 at p. 6). Donovan refused (Dkt. #1 at p. 6). On April 12, 2017, the Government filed a Notice of Encroachment ("the Notice") on the Property, and on May 18, 2017, the Government recorded the Notice with the local County Clerk (Dkt. #1 at p. 6). On or around May 15, 2019, the Government again directed Donovan to cease and desist all unauthorized activity on the Easement and to resolve the Encroachments within thirty days (Dkt. #1 at p. 7). To date, Donovan refuses to remove the Encroachments (Dkt. #1 at p. 7).

On October 17, 2019, the Government filed its Complaint in the Eastern District of Texas alleging Trespass to Try Title.[1] TEX. PROP. CODE § 22.001 (2019). The Government asks the

---

[1] Donovan's alleged trespass interferes with USACE's administration of the Easement (Dkt. #1 at pp. 3, 8–9). Federal law prohibits interfering with USACE's lawful order or the administration of the Easement (Dkt. #1 at p. 3). 36 C.F.R.

Court to (1) order Donovan to remove the Encroachments from the Easement, (2) permanently enjoin Donovan from future unauthorized encroachment of the Easement, and (3) provide a judgment for the Government to restore the Easement to its original condition prior to Donovan's trespass (Dkt. #1 at pp. 9–10).

On November 15, 2019, Donovan filed a Motion to Dismiss for Failure to Join a Required Party (Dkt. #3). Donovan alleges the Utility Providers maintain a utility easement within the Easement (Dkt. #3 at p. 16). Consequently, Donovan argues that she would be forced to encroach on the Utility Providers' utility easement if the Court ordered Donovan to remove the utility services (Dkt. #3 at p. 16). Donovan maintains that the Utility Providers' easement would be a protected legal interest outside of Donovan's control (Dkt. #3 at p. 17). Therefore, Donovan contends the Utility Providers are a required party to the Government's lawsuit.

On November 25, 2019, the Government filed its Response (Dkt #4). The Government argues that Donovan provided no evidence that a utility easement exists within the Easement (Dkt. #4 at p. 26). In support, the Government conducted a document review of the Property's records and contends that the Utility Providers do not own a utility easement, or other legal interest, within the Easement (Dkt. #4 at p. 27; Dkt. #4, Exhibit 2 at pp. 30–31, 34–36).

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(7) alleges that a plaintiff failed to join a party under Rule 19. FED. R. CIV. P. 12(b)(7). The Court makes two "highly-practical, fact-based" inquiries under Rule 19. *Hood ex rel. Mississippi v. City of Memphis*, 570

---

§ 331.16 (2020). The Government brings this action against Donovan on behalf of USACE because the Easement is part of the Grapevine Dam and Reservoir operated and administered by USACE (Dkt. #1 at p. 1). Under federal law, federal district courts have subject-matter jurisdiction of "all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345 (2020). Therefore, while the Government's allegation is a state law claim, this Court maintains subject-matter jurisdiction because the Government filed the Complaint.

F.3d 625, 628 (5th Cir. 2009). The Court must first determine under Federal Rule of Civil Procedure 19(a) whether a person should be joined to the lawsuit. FED. R. CIV. P. 19(a); *Nat'l Cas. Co. v. Gonzalez*, 637 F. App'x 812, 814 (5th Cir. 2016). "Rule 19(a) provides a framework" to decide if joinder is warranted. *Nat'l Cas.*, 637 F. App'x at 814. "If joinder is warranted then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation." *Hood*, 570 F.3d at 629; *see* FED. R. CIV. P. 19. Under Rule 19, the case must be dismissed if the absent party should be joined under Rule 19(a) and the suit cannot proceed without that party under Rule 19(b). *Hood*, 570 F.3d at 629.

A party should be joined under Rule 19(a) if the party is required. FED. R. CIV. P. 19(a). A required party is a party who is "subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction." *Id*. at 19(a)(1). A required party must be joined if: (A) in that party's absence, the court cannot provide complete relief among existing parties, or (B) that party claims an interest relating to the subject of the action. *Id*. at 19(a)(1)(A)-(B). Under Rule 19(a)(1)(A), "complete relief" denotes relief between the existing parties, not "between a party and the absent [party] whose joinder is sought." *Niven v. E-Care Emergency McKinney, L.P.*, No. 4:14-CV-00494, 2015 WL 1951811, at *3 (E.D. Tex. Apr. 10, 2015).

The burden is on the movant to show that joinder of other parties is necessary. *Nat'l Cas.*, 637 F. App'x at 814. For the movant to show joinder is necessary of "unprotected interests of the absent parties," the movant can "submit affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence." *Indian Harbor Ins. Co. v. KB Lone Star, Inc.*, No. H-11-CV-1846, 2012 WL 1038658, at *5–6 (S.D. Tex. Mar. 27, 2012) (internal quotations omitted) (citing *Power Equities, Inc. v. Atlas Telecom Services-USA, Inc.*, No. 3:06-CV-1892-G,

2007 WL 43843, at *12–13 (N.D. Tex. Jan. 5, 2007) (denying movant/defendant's Rule 12(b)(7) motion because defendant "provided no evidence" that the parties "could, or could not, be joined in the suit" and "provided no evidence" for the court to conduct the required "Rule 19(b) analysis")). If the initial assessment of the facts indicates a potential necessary party is absent, the burden shifts to the party opposing joinder. *Nat'l Cas.*, 637 F. App'x at 814–15. If joinder is not necessary under the threshold requirements of Rule 19(a), then no inquiry under Rule 19(b) is necessary. *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990).

## ANALYSIS

Donovan asks the Court to dismiss the Government's action for failing to join the Utility Providers. Donovan alleges the Utility Providers are required parties because the Court cannot grant the Government complete relief from Donovan alone, without the Utility Providers. *See* FED. R. CIV. P. 19(a)(1)(A). The Court finds that the threshold requirements of Rule 19(a) have not been satisfied because: (a) Donovan failed to meet her burden as the movant to show the Utility Providers are required parties; (b) the Government met its burden as the party opposing joinder to show that the Utility Providers are unnecessary parties to the lawsuit; and (c) even if Donovan's allegations are true, that Utility Providers maintain a utility easement on the Easement, the Court can nevertheless provide complete relief to the Government. Consequently, an inquiry under Rule 19(b) is unnecessary.

Donovan argues that Utility Providers are required parties because complete relief by the Court is not possible among the existing parties, absent the Utility Providers. Donovan argues that, because the Utility Providers own a utility easement within the Easement, they have a legally protected interest in the easement that is directly related to the subject matter of this suit.

As the movant, Donovan has the burden to demonstrate that the Utility Providers are

required parties. *Hood*, 570 F.3d at 628. Thus, Donovan needs to provide some extra-pleading evidence to demonstrate the Utility Providers own a utility easement within the Easement. *See Indian Harbor Ins.*, 2012 WL 1038658, at *5–6; *see also Power Equities*, 2007 WL 43843, at *12–13.

As the Government argues, however, Donovan offered no evidence of the Utility Providers' legal interest within the Easement. *See generally* Dkt. #3 (stating that the Utility Providers maintain a utility easement within the Easement but failing to state how Donovan learned of the utility easement.). So, although Donovan argues that the Utility Providers have a protected interest in the easement, she has failed to provide any evidence, let alone extra-pleading evidence, to meet her burden of proof. Therefore, the Court finds that Donovan failed to meet her burden to demonstrate that the Utility Providers are required parties.

Alternatively, if the Court accepts that Donovan's claim indicates the Utility Providers are potentially necessary absent parties, the burden shifts to the Government, the party opposing joinder, to provide some evidence to show that the absent parties are not required parties to the lawsuit. *See Hood*, 570 F.3d at 628; *see* also *Indian Harbor Ins.*, 2012 WL 1038658, at *5–6; *Power Equities*, 2007 WL 43843, at *12–13.

The Government asserts that the Utility Providers are unnecessary parties because the Utility Providers lack a legal interest within the Easement. The Government reviewed the Property's records and offered some evidence that the Utility Providers lack a utility easement, or legal interest, within the Easement. *See* Dkt. #4, Exhibit 2 at pp. 34–36. First, the Government "was not aware of any utility easements within" the Easement because the Government does not typically grant utility easements. Utility Providers would need consent, and the consent would be noted in the deeds of properties (Dkt. #4, Exhibit 2 at pp. 34–35). Furthermore, a search of

the Property's deeds in the Real Estate Management Information System confirmed that "there are not any utility easements" on the Easement, and while the Government recorded other irrelevant consents in the property records, the Government did not authorize or give consent to the Utility Providers for a utility easement or any other purpose (Dkt. #4, Exhibit 2 at p. 35). Finally, the Government reviewed "grants related to" the Easement, "civil files related to previous owners" of the Easement, and the "County Appraisal District's filed plat" (Dkt. #4, Exhibit 2 at p. 35). All sources failed to show that the Government "issued a utility easement" or any other legal interest to the Utility Providers within the Easement (Dkt. #4, Exhibit 2 at p. 36). Therefore, absent any evidence to the contrary, the Government met its burden to show that the Utility Providers are unnecessary parties to the lawsuit because the Utility Providers lack a legal interest within the Easement.

According to Donovan, removing the Encroachments would require Donovan to infringe on the Utility Providers' utility easement, or legal interest, within the Easement. But as the Court noted above, Donovan has offered no evidence to support its assertion that the Utility Providers have a legal interest within the Easement.

Pursuant to 19(a)(1)(A), complete relief is relief between the existing parties to the suit. In the instant case, Donovan mischaracterizes, and indeed overstates, the Government's requested relief. In its Complaint and responsive pleading, the Government seeks an order for Donovan to remove the Encroachments allegedly added by Donovan. The Utility Providers connected the utility service, modifying the Easement at Donovan's request. Therefore, Donovan can use the same manner to remove the Encroachments: Donovan can ask the Utility Providers to disconnect the utility services. Then, the Government can receive complete relief.

Furthermore, the Court is of the opinion that even if the assertion that the Utility Providers

7

have a legal interest within the Easement is taken as true, the Government's requested relief would not infringe upon that interest. Therefore, the Utility Providers are not necessary parties to the Government's action, and the Court could grant the Government complete relief from Donovan. *See* FED. R. CIV. P. 19(a)(1)(A). Accordingly, Donovan's Motion is therefore denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss (Dkt. #3) is hereby **DENIED**.

**SIGNED this 6th day of April, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE