# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Civil Action No.  4:19-CV-000761 |
| COLEEN DONOVAN | § § § | Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Strike Defendant's Designation of Stacey D. Lyle as a Purported Non-Retained Rebuttal Expert (Dkt. #23).  Having considered the Motion and response, the Court finds the Motion should be denied.

### BACKGROUND

This is an action by the United States of America, brought on behalf of the United States Army Corps of Engineers ("USACE"), against Defendant Coleen Donovan (Dkt. #1).  The Government purportedly owns 45,944 acres of land and 5,747 acres of flowage easement at Lewisville Lake.  The Government acquired certain perpetual rights, which include the right to prohibit construction or maintenance of any structure for human habitation and the right to approve all other structures.

In 2012 and 2013, Donovan acquired land purportedly encumbered by the Government's easement (Dkt. #1 at pp.2, 5).  That easement prohibits the construction or maintenance of any structure for human habitation below 537 feet, mean sea level, without express written consent of the Government (Dkt. #1 at pp. 1–2, 4).  On November 17, 2016, USACE denied a request from Donovan to place structures within the easement (Dkt. #1 at p. 5).  Despite this, Donovan allegedly proceeded to modify the easement with a mobile home, utility services, and a gravel

mixture (Dkt. #1 at pp. 2–3, 6–7). On January 20, 2017, the Government sent Donovan the first of several formal demands to cease and desist encroaching on the easement (Dkt. #1 at pp. 6-7). Donovan refused (Dkt. #1 at p. 7). On October 17, 2019, the Government sued Donovan for trespass to try title (Dkt. #1). TEX. PROP. CODE § 22.001 (2019).

Discovery commenced. On June 24, 2020, the Government reminded Donovan that expert disclosures were due June 11, 2020 (Dkt. #23-2).[1] On July 8, 2020—the deadline for disclosing expert testimony on non-burden issues—the Government filed its Notice of Expert Disclosure (Dkt. #22). On July 13, 2020, Donovan responded to the Government's earlier email stating "she has not retained an expert" (Dkt. #23-2). On August 6, 2020, Donovan disclosed that she may present the testimony of Dr. Stacey Lyle as a "non-retained expert at trial to present rebuttal evidence" on the mean sea level at Donovan's property (Dkt. #23-1).

On August 11, 2020, the Government filed its Motion to Strike Dr. Lyle's testimony (Dkt. #23), arguing it was untimely, but even if it were timely, Donovan failed to disclose Dr. Lyle's expert report as required. On August 24, 2020, Donovan responded, arguing that disclosure was a timely rebuttal report (Dkt. #25). Further, because Dr. Lyle is testifying based on his personal knowledge acquired generally as an expert in the field, he is not required to produce a report.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2) governs expert testimony disclosures. The Rule subdivides experts between those that must provide a report and those that do not.

Rule 26(a)(2)(B) states the disclosure of a witness must be accompanied by a written report, "if the witness is one retained or specially employed to provide expert testimony in the case or one

---

[1] This is the deadline for disclosing expert testimony on issues for which the party bears the burden-of-proof.

whose duties as the party's employee regularly involve giving testimony." FED. R. CIV. P. 26(a)(2)(B).

Non-retained experts are not required to submit reports. Under Rule 26(a)(2)(C), these non-retained experts are only required to disclose the subject matter and a summary of the facts and opinions that the witness is expected to testify. FED. R. CIV. P. 26(a)(2)(C).

Parties must make timely expert-witness disclosures under the Court's Scheduling Order. *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, 2019 WL 1436659, at *21 (N.D. Tex. Mar. 31, 2019). Absent a contrary stipulation, evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party" must be disclosed within thirty days of the other party's disclosure. FED. R. CIV. P. 26(a)(2)(D)(ii).

## ANALYSIS

Donovan's disclosure was timely, but inadequate. The Court finds good cause exists for Donovan to supplement Dr. Lyle's disclosure with an expert report that complies with Rule 26(a)(2)(B).

### Donovan's Disclosure Was Timely

The Government argues that Donovan's disclosure was late because it was provided on August 6, 2020, well after both expert disclosure dates. Donovan disagrees. She identified Dr. Lyle within thirty days of the Government's own expert disclosure on July 8, 2020, and thus complied with the timeline for disclosing rebuttal evidence under Rule 26(a)(2)(D)(ii). Donovan is correct.

The Court assigned two deadlines for expert disclosure: one for issues the party bears the burden-of-proof and one for issues the party does not. For a trespass to try title suit, the plaintiff bears the burden-of-proof. 61 Tex. Jur. 3d Quieting Title, Etc. § 43. Thus, when the Government

disclosed an expert to testify as to the mean sea level of Donovan's property—a fact necessary to establish that Donovan encroached the easement—it was required to disclose by the burden-of-proof deadline, June 11, 2020. Yet the Government, which made no mention of the burden-of-proof in its briefing, served its disclosures on July 8, 2020. But this was the deadline for expert disclosure on issues the party does not bear the burden. Thus, the Government's disclosure was untimely.

Once Donovan received the Government's expert disclosure, she timely provided her own disclosure. Under Rule 26(a)(2)(D)(ii), Donovan was required to disclose evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party . . . , within thirty days[.]" In her disclosures, Donovan asserts that "Dr. Lyle will present rebuttal evidence for the testimony of Plaintiff's expert," on "methods used to calculate the height [of the property]" and "the use of Mean Sea Level" (Dkt. #23-1). As Dr. Lyle's testimony is "solely to contradict or rebut" Plaintiff's expert "on the same subject matter," it qualifies as rebuttal evidence. FED. R. CIV. P. 26(a)(2)(D)(ii). Donovan disclosed Dr. Lyle's identity twenty-nine days after receiving the Government's own disclosures. This was within the thirty-day requirement and was therefore timely.

### Dr. Lyle is a "retained or specially employed" expert under Rule 26(a)(2)(B).

The parties disagree on whether Dr. Lyle was a "retained or specially employed" expert under Rule 26(a)(2)(B) and thus whether he is required to produce a written expert report.

Under Rule 26(a)(2)(B), "a witness is 'specially employed' when he has no personal involvement in facts giving rise to the litigation, but is engaged to provide opinion testimony, regardless of whether he is compensated or simply volunteers." *Tolan v. Cotton*, No. CIV.A. H-09-1324, 2015 WL 5332171, at *1 (S.D. Tex. Sept. 14, 2015). The Court's inquiry should focus on whether the witness has "firsthand factual knowledge about the case." *Skyeward Bound Ranch*

4

*v. City of San Antonio*, 2011 WL 2162719, at *2 (W.D. Tex. June 1, 2011).  This is because there is a "difference between a percipient witness who happens to be an expert and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony."  *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011).

Donovan asserts that Dr. Lyle is non-retained because he "has not been paid a fee" and "was familiar with the issues with the USACE's determination of its easement on Lake Lewisville long before he met Ms. Donovan" (Dkt. #25 at p. 3).  But Dr. Lyle's familiarity with the case's subject matter generally is true of all experts.  Dr. Lyle is undisputedly familiar with the background topics in the case—that is why he has given expert testimony in at least eight other cases (Dkt. #23-1).  But there is no evidence that Dr. Lyle had any "firsthand factual knowledge about the case" before joining the case.  *See Skyeward Bound Ranch*, 2011 WL 2162719, at *2.  Dr. Lyle intends to testify in "rebuttal of any evidence showing the height of [Donovan's] Property that is the subject of this suit and the methods used to calculate the height."  (Dkt. #23-1 at p. 2).  In other words, Dr. Lyle intends to apply his general knowledge about mean sea level to the specific facts of this case by testifying why the Government's method of calculating mean sea level at Donovan's property is somehow deficient.  Dr. Lyle reviewed the Government's expert disclosure to form his understanding of mean sea level as it applies to Donovan's property, again demonstrating that Dr. Lyle is "an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony."  *See Downey*, 633 F.3d at 6.  The Government should have a similar opportunity to review Dr. Lyle's opinion as a retained expert.

### Dr. Lyle's Disclosure Does Not Comply with Rule 26(a)(2)(B).

As Dr. Lyle is a retained witness, he must comply with Rule 26(a)(2)(B)'s written report requirement.  He has not.

Under Rule 26(a)(2)(B), a retained expert must provide a written report containing "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them," among other formalities. Dr. Lyle disclosed the subject matter of his planned testimony and a general summary of the facts and his opinions (Dkt. #23-1). But the disclosure skimps on the details necessary for a retained witness. For example, Dr. Lyle's ultimate opinions are missing, as are his specific criticisms of mean sea level. Without proper disclosures, the Government has insufficient notice of Dr. Lyle's planned testimony. As such, Dr. Lyle's disclosures are deficient.

However, the Court finds good cause to permit Donovan to supplement its expert disclosure with an expert report that complies with Rule 26(a)(2)(B). Insufficient disclosures may be supplemented only with leave of the court. *Newberry v. Disc. Waste, Inc.*, 2020 WL 363775, at *1 (E.D. Tex. Jan. 22, 2020). The Court considers four factors in evaluating good cause: "(1) the explanation for the failure to timely disclose; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id.*; *see Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

Good cause exists. First, Donovan complied with the disclosure requirements under the mistaken belief that Dr. Lyle was a non-retained witness. There is no suggestion that the disclosure was intentionally deficient. Second, Dr. Lyle is necessary for Donovan to effectively rebut the Government's own expert about a central issue in the case. Third, Dr. Lyle is a rebuttal witness, only, and his testimony is limited accordingly, minimizing the prejudicial effect of supplementation. However, finally, discovery closed on August 23, 2020. Thus, Donovan must expeditiously supplement her expert disclosure to produce a compliant expert report in advance of the rapidly approaching pretrial conference.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Strike Defendant's Designation of Dr. Stacey D. Lyle as a Purported Non-Retained Rebuttal Expert (Dkt. #23) is **DENIED**.

It is further **ORDERED** that Donovan comply with the disclosure requirements of Rule 26(a)(2)(B) for a retained expert witness **within fourteen days**.

**SIGNED this 28th day of September, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE